**FILED & ENTERED**

SEP 03 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>BRIENA SHEREE CASARES,<br><br>Debtor. | Case No.: 2:19-bk-15989-RK<br><br>Chapter 7<br><br>Adv No:  2:19-ap-01202-RK<br><br>**ORDER REMANDING REMOVED PROBATE CASE, IN RE BRUCE RODNEY CASARES, DECEDENT, NO. 18STPB08328 TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE** |
| WESLEY H. AVERY, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>BRIENA SHEREE CASARES,<br><br>Defendant. | Date:    September 3, 2019<br>Time:   1:30 p.m.<br>Courtroom: 1675 |

TO:    REMOVING PARTY WESLEY H. AVERY, CHAPTER 7 TRUSTEE,

RESPONDING PARTY BRIENA SHEREE CASARES, AND SHERRI R. CARTER,

CLERK, SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES,

STANLEY MOSK COURTHOUSE (DEPARTMENT 11 – JUDGE BARBARA R.

-1-

JOHNSON), 111 NORTH HILL STREET, LOS ANGELES, CALIFORNIA  90012:

  Having heard from Wesley H. Avery, Chapter 7 Trustee, the only party appearing in response to the court's order to show cause re: removed remand of the action to state court at the hearing on the order to show cause on September 3, 2019, the court hereby remands the probate action, In re Estate of Bruce Rodney Casares, Decedent, No. 18STPB08328, to the Superior Court of California for the County of Los Angeles, Stanley Mosk Courthouse (Department 11 – Judge Barbara R. Johnson), 111 North Hill Street, Los Angeles, California  90012 pursuant to 28 U.S.C. § 1452(b).

  The reasons for the remand are set forth in the court's tentative ruling posted online on the court's website (copy attached hereto), which is adopted as an order of the court.

  **IT IS SO ORDERED.**

###

Date: September 3, 2019

_____
Robert Kwan
United States Bankruptcy Judge

## TENTATIVE RULING ON ORDER TO SHOW CAUSE

### HEARING: SEPTEMBER 3, 2019 AT 1:30 P.M.

Overrule trustee's objection to equitable remand of the removed action and remand to state court pursuant to 28 U.S.C. 1452(b) because the removed action is the probate proceeding itself of debtor's father in which debtor is a beneficiary and the court lacks jurisdiction due to the probate exception to federal jurisdiction because proceeding with the removed action would involve this federal court in administering the decedent's estate and assume in rem jurisdiction over property in the custody of the probate court, which actions are within the narrow confines of the probate exception. Marshall v. Marshall, 547 U.S. 293, 311-312 (2006); In re Garcia, 507 B.R. 32,44 (1st Cir. BAP 2014). Trustee's reliance on In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990) is misplaced because that case did not involve the probate exception to federal jurisdiction. While Debtor may have an interest in the probate res as a beneficiary of the probate estate, which would be property of her bankruptcy estate, she does not have a right to probate res until the probate estate is administered and a distribution by the probate court is made to her through administration of the probate case. This has not been apparently been done as shown by the papers filed in the state court action now removed by the court which have been filed in this case by the trustee. Trustee erred in removing the probate action to this court because the probate estate has not been administered, and this court lacks jurisdiction to administer the probate case under the narrow confines of the probate exception. Appearances are required on 9/3/19, but counsel may appear by telephone.